# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

KINGSLEY JONES,              :

                              :

           Petitioner,        :

                              :     CASE NO: 4:07-CV-12 (CDL)

v.                           :     Proceedings Under 28 U.S.C. § 2254

                              :

BRUCE CHATMAN, Warden, *et al*.  :

                              :

           Respondent.     :

## REPORT AND RECOMMENDATION

On June 30, 2004, Petitioner Jones, who is currently serving a sentence at D. Ray James State Prison in Folkston, Georgia, pled guilty in the Muscogee County Superior Court to child molestation. (R-1, p. 4, and R-10-2). Petitioner was sentenced to a "split" fifteen (15) year sentence, five (5) years to serve in prison with the balance probated. *Id*. Petitioner did not file a direct appeal of his guilty plea. On May 31, 2005, Petitioner filed a state habeas petition which was ultimately denied on June 15, 2006. (Resp. Ex. 1). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court January 9, 2007. (Resp. Ex. 4). On February 5, 2007, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. Respondents filed an Answer-Response on January 4, 2007 (R-12), a Supplemental Answer-Response on April 20, 2007. (R-10).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act

(AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a

> writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

### Petitioner's Claims

Petitioner's application for a federal writ of habeas corpus cites eight grounds for relief. Specifically, Petitioner contends that: 1) he did not understand, nor did anyone

explain to him, the consequences of his guilty plea; 2) he received ineffective assistance of counsel because counsel coerced Petitioner into entering a guilty plea; 3) he was denied his right to appeal, even though his appeal was an Alford Plea; 4) he received ineffective assistance of counsel because counsel was ineffective in every aspect (pre-trial and guilty plea); 5) the court did not inform Petitioner that he would be waiving his rights if he entered a guilty plea; 6) because Petitioner was taking prescription medication at the time of the guilty plea/ trial date, a competency hearing should have been held; 7) counsel was ineffective because counsel "acted like [Petitioner] was guilty"; and 8) there were two plea agreements submitted by the state and Petitioner did not agree to the second plea agreement. (R-1-1, p.7-10).

## I.      Knowing and Voluntary Plea

In **Ground One**, Petitioner contends that he did not understand the consequences of his guilty plea and that no one explained the consequences to him.  In **Ground Five**, Petitioner argues that the judge failed to inform him that he would be waiving his constitutional rights by pleading guilty.  In **Ground Eight**, Petitioner contends that the state submitted two plea agreements and Petitioner did not agree to the second plea agreement.

**Grounds One**, **Five**, and **Eight** were raised by Petitioner in his state habeas petition. The state habeas court, in finding that Petitioner's plea was knowing and voluntary relied on *Boykin v. Alabama,* 395 U.S. 238, 242 (1969), *United States v. Broce*, 488 U.S. 563, 570 (1989) (*quoting North Carolina v. Alford*, 400 U.S. 25, 32 (1970)), and *Blackledge v.*

*Allison*, 431 U.S. 63, 74 (1977).  In *Boykin,* the Supreme Court held that to prove a guilty plea was validly entered, it must be shown that a defendant waived his right to a trial by jury, the privilege against self-incrimination, and the right to confront accusers.  *Boykin*, 395 U.S. at 242.  The state habeas court, viewing the evidence in a light most favorable to the verdict and using the *Boykin* standard as set out by the United States Supreme Court, found that Petitioner freely and voluntarily entered his guilty plea.  (R-14, Resp. Ex. 3, p.8-10).

As stated above, this court has the authority to grant a writ of habeas corpus where an adjudication made by the state court was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*.  Where this court finds that the Petitioner has failed to show any improper determinations made by the state court, however, it is without the authority to disturb the state court's findings.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness of the determination of the factual issues regarding his claims of the knowing and voluntariness of his guilty plea.  There is nothing in the record to suggest that the decision by the state habeas court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts.  Therefore, it is recommended that Petitioner is not entitled to relief on **Grounds One**, **Five**, and **Eight**.

## II.     Ineffective Assistance of Counsel

In **Ground Two**, Petitioner contends that he received ineffective assistance of counsel because counsel coerced Petitioner to plead guilty.  In **Ground Four**, Petitioner alleges that

his attorney was ineffective "in every aspect of my pre-trial and trial, or plea hearing." (R-1-1-1, p.7). In **Ground Six**, Petitioner alleges that he received ineffective assistance of counsel because no competency hearing was held. In **Ground Seven**, Petitioner contends that he received ineffective assistance of counsel because counsel acted as if Petitioner was guilty.

Petitioner raised **Grounds Two, Four, Six**, and **Seven** in his state habeas petition. In analyzing Petitioner's ineffective assistance of counsel claims as argued in his state habeas petition, the Charlton County Superior Court relied on *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985). *Hill* held that the *Strickland* test for evaluating ineffective assistance of counsel claims also applied to guilty plea challenges based on ineffective assistance of counsel. *Hill*, 474 at 57-8, *citing Strickland v. Washington.* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* standard held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Id*. at 687. In *Woodford,* the United States Supreme Court held:

> Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams,*

> *supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

*Woodford v. Visciotti,* 537 U.S. 19, 24-5, 123 S.Ct. 357, 360, 361 (2002).

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of counsel. The Charlton County Superior Court found that Petitioner had failed to establish either prong of ineffective assistance of counsel. (R-14, Resp. Ex. 3, p.22). Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor.* Thus, it is recommended that Petitioner is not entitled to relief on **Grounds Two, Four, Six**, and **Seven**

## III.    Remaining Claim

In **Ground Three**, Petitioner contends that he was denied his right to appeal, even though his plea was an Alford plea.  **Ground Three** was addressed by the state habeas court. (R-14, Resp. Ex. 3, p.8-9).  The state habeas court, in finding that there was no unqualified right to appeal from a guilty plea relied on *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996), to determine that Petitioner was not denied any constitutional right in this regard.

As stated above, Petitioner does not have an unqualified right to appeal a guilty plea under Georgia law.  He or she must show error on the face of the record that gives rise to a claim on appeal.  *Smith*, 266 Ga. at 687; *see also Barlow v. State*, 282 Ga. 232, 233-4, 647 S.E.2d 46 (2007).  Therefore, since there is no right, there is no duty on the trial court to advise a defendant of such.  *Morrow v. State*, 266 Ga. 3, 463 S.E.2d 472 (1995).  No federal law has been located which shows that the Georgia law as to this matter runs contrary to any federal constitutional principles.  Questions of pure state law do not present cognizable federal habeas claims.  *Pulley v. Harris,* 465 U.S. 37, 41 (1984).  The writ of habeas corpus shall not extend to a state prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).

There is nothing in the record to suggest that the decision by the state habeas court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural

grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, it is recommended that Petitioner is not entitled to relief on **Ground Three**.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th day of November, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc